UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CASE NO.  1:22-CR-301 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| SHAKER MASRI, | ) | |
| | ) | **ORDER** |
| Defendant. | ) | |

On December 11, 2012, Defendant Shaker Masri was sentenced by United States District Judge Sharon Johnson Coleman, United States District Court for the Northern District of Illinois, to a 118-month term of incarceration for knowingly attempting to provide material support and resources to a designated foreign terrorist organization, followed by a 20-year term of supervised release, with standard and special conditions of supervision imposed.  Defendant was further ordered to pay a $100.00 special assessment.

Supervised release commenced on February 23, 2018.

On or about June 8, 2022, the United States Probation Office ("USPO") submitted a Supervision Report to notify the Court that a request had been made to transfer jurisdiction from the Northern District of Illinois to the Northern District of Ohio due to Defendant's significant other and children moving to the Northern District of Ohio for work purposes.  This Court accepted transfer of jurisdiction on June 9, 2022.

On or about July 28, 2022, the USPO submitted a Supervision Report with a travel request:

On or about June 16, 2022, Mr. Masri's significant other, Nina Zadvorna, and their two minor children moved back to the Chicago, Illinois, area after

(1:22-CR-301)

> experiencing some relationship difficulties.  It was also reported that Ms. Zadvorna wanted to return to Chicago as they have familial ties to the area.
>
> Mr. Masri is requesting to travel to spend time with his children on a bi-monthly basis starting as soon as possible if granted permission from the Court.  He would leave on Fridays and return to the Northern District of Ohio on Sundays.  For the time being, he would be staying with Ms. Zadvorna and their children at . . .  The probation officer has spoken to Ms. Zadvorna on a few occasions, and she confirmed her address and that Mr. Masri would be allowed to stay with them.  She is supportive of Mr. Masri being part of their children's lives.

On July 29, 2022, the Court denied the request, stating that Defendant would be allowed to travel only on dates certain. Until the Court's ruling changes, Defendant would not be given an open-ended modification to travel, but would be able to do so only with the permission of the Court and upon the recommendation of the USPO for certain dates.  The USPO was ordered to revise the request to identify no more than two bi-weekly round-trip dates of travel.

On or about August 1, 2022, the USPO submitted a Supervision Report with a travel request, seeking permission for Defendant to travel in August 2022.  The travel was denied as requested by the Court on August 2, 2022, as the Court would only allow limited travel, at that time.

On or about August 29, 2022, the USPO submitted a Supervision Report with a travel request, seeking permission for Defendant to travel to and from Woodridge, Illinois from September 3, 2022 through September 6, 2022, to spend time with his children.  The Court granted that request on August 29, 2022, ordering Defendant to provide his supervising officer with all travel and contact information before he leaves his residence, and to check in with his supervising officer before he leaves and after he returns.  Defendant was further ordered to

2

(1:22-CR-301)

remain compliant with all other requirements of his supervised release, and any requests made by his supervising officer before traveling, while traveling, and upon his return.

On or about September 14, 2022, the USPO submitted a Supervision Report with a travel request, seeking permission for Defendant to travel to and from Willowbrook, Illinois from September 24, 2022 through September 26, 2022, to spend time with his children.  The Court granted that request on September 14, 2022, ordering Defendant to provide his supervising officer with all travel and contact information before he leaves his residence, and to check in with his supervising officer before he leaves and after he returns.  Defendant was further ordered to remain compliant with all other requirements of his supervised release, and any requests made by his supervising officer before traveling, while traveling, and upon his return.

On or about October 5, 2022, the USPO submitted a Supervision Report with a travel request, seeking permission for Defendant to travel to and from Woodridge, Illinois from October 15, 2022 through October 17, 2022, to spend time with his children.  The Court granted that request on October 7, 2022, ordering Defendant to provide his supervising officer with all travel and contact information before he leaves his residence, and to check in with his supervising officer before he leaves and after he returns.  Defendant was further ordered to remain compliant with all other requirements of his supervised release, and any requests made by his supervising officer before traveling, while traveling, and upon his return.

On or about October 24, 2022, the USPO submitted a Supervision Report with a travel request, seeking permission for Defendant to travel to and from Woodridge, Illinois from October 28, 2022 through October 30, 2022, to spend time with his children.  The Court granted that request on October 26, 2022, ordering Defendant to provide his supervising officer with all

3

(1:22-CR-301)

travel and contact information before he leaves his residence, and to check in with his

supervising officer before he leaves and after he returns.  Defendant was further ordered to

remain compliant with all other requirements of his supervised release, and any requests made by

his supervising officer before traveling, while traveling, and upon his return.

On or about October 28, 2022, the USPO issued a Violation Report to notify the Court of

Defendant's violation of the terms and conditions of his supervised release:

> On October 26, 2022, Shaker Masri was granted permission to travel to Illinois
> for the purpose of visiting his children between October 28, 2022, and October 30,
> 2022.
>
> On October 28, 2022, the probation officer received a call from Mr. Masri
> indicating that he had police contact, and that his children's mother, Nina
> Zadvorna, had contacted the police for unknown reasons.  The probation officer
> then spoke with Ms. Zadvorna, who reported that she called the police when Mr.
> Masri arrived at her home, and she found out that he had a key to her apartment.
> Ms. Zadvorna reported that there was no physical altercation between them.  She
> reported that the police officer spoke to them, and then Mr. Masri was able to
> leave with the children to go to a hotel for the weekend.  She did not know where
> the hotel was located.  The probation officer spoke with Mr. Masri and explained
> that due to the altercation earlier in the day, he needs to take the children back to
> their mother and return to the Northern District of Ohio.  Mr. Masri then
> threatened self-harm on at least two occasions.  He then continued to say that he
> would only return to Ohio with the children.

On October 28, 2022, the Court ordered the issuance of a warrant for Defendant's arrest.

On or about October 31, 2022, the USPO issued a follow up Violation Report to notify

the Court that Defendant's children had been returned to their mother on October 30, 2022.

On November 7, 2022, Defendant was arrested and appeared before Magistrate Judge

Amanda M. Knapp for an initial appearance.  The Government did not move for detention and

requested, by the agreement of the parties, that Defendant be released on the conditions of

4

(1:22-CR-301)

supervised release previously ordered, to include the requirement that he comply with further

mental health treatment.

On or about November 18, 2022, the USPO issued a Supervision Report with a travel

request, seeking permission for Defendant to travel to and from the DuPage County Courthouse

in Wheaton, Illinois on November 22, 2022, to attend a court hearing regarding an order of

protection that his significant other had filed on behalf of herself and her children.

On November 19, 2022, the Court denied the request, ordering Defendant's supervising

officer to propose a plan that might allow Defendant to attend to his needs outside of the district,

such as electronic attendance at upcoming hearing, and to further include initiating a transfer

back to the Northern District of Illinois.

On November 21, 2022, defense counsel filed an emergency motion for the Court to

reconsider Defendant's request for permission to travel to Illinois to attend the above scheduled

court hearing, as his request to attend virtually had been denied.

On December 1, 2022, the Court issued an Order denying the motion as moot, as the

hearing date of November 22, 2022 on the Order of Protection had passed and had been reset for

January 19, 2023.

On January 12, 2023, the USPO issued a Supplemental Information Report to update the

Court on Defendant's compliance with the terms and conditions of his supervised release.

On January 17, 2023, defense counsel filed a motion requesting permission for Defendant

to travel to Illinois on January 19, 2023 to attend a hearing at the DuPage County Circuit Court

of Illinois.  Defendant's request to attend the hearing virtually had been denied.

(1:22-CR-301)

The Court granted the motion on January 18, 2023, permitting Defendant to travel to and from the DuPage County Circuit Court from January 19, 2023 through 12:00 p.m. Noon on January 20, 2023.   Defendant was ordered to provide his supervising officer with all travel and contact information before he leaves his residence, and to check in with his supervising officer before he leaves and after he returns.  Defendant was further ordered to remain compliant with all other requirements of his supervised release, and any requests made by his supervising officer before traveling, while traveling, and upon his return.

On or about January 24, 2023, the USPO issued a Supplemental Information Report to update the  Court on Defendant's compliance with the terms and conditions of his supervised release.

The Court conducted a Supervised Release Violation Hearing and Sentencing on January 27, 2023.  The Court discussed with the parties the conditions of supervised release imposed in this matter, and the status of Defendant's employment.  Defendant shall maintain compliance with the terms and conditions of his supervised release.  Any future requests to travel shall be filed not less than 48 hours of the requested travel.  Defendant shall do what is requested of him by his supervising officer.  The matter of the alleged violation is resolved.


IT IS SO ORDERED.


   February 3, 2023                                 /s/ Benita Y. Pearson
Date                                                 Benita Y. Pearson
                                                     United States District Judge


6